[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 15, 1995 Date of Application September 15, 1995 Date Application Filed October 13, 1995 Date of Decision April 22, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket No. CR 94-98200;
William Schipul, Esq., Defense Counsel, for Petitioner.
Jonathan Benedict, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
Following a trial by jury, the petitioner was convicted of robbery, 3rd degree in violation of § 53a-136 of the Connecticut general statutes. He was sentenced to a term of five years, the maximum for the conviction.
On March 19, 1994, at about 2:50 p. m., the petitioner entered a convenience store in Fairfield. He stole a number of packs of cigarettes from the store. The cashier, who observed the theft grabbed the petitioner. They struggled with each other and the struggle continued into the parking lot. At this point the petitioner raised a bottle of liquor as if to strike the victim, then ran toward a waiting car with the cashier in pursuit. A co-defendant, sitting in the car, pointed a long barrel gun at the victim and said "I'll shoot you, back off".
The petitioner was charged with robbery, 1st degree but found CT Page 5937 guilty of the lesser included robbery, 3rd degree. The co-defendant pleaded guilty to a charge of robbery, 2nd degree, and testified against the petitioner. His sentence was 9 years, execution suspended after 54 months.
Petitioner's counsel suggests that, because the petitioner did not have the weapon used, he should be treated more leniently than the co-defendant.
The state's attorney pointed out that the co-defendant had 2 prior convictions while the petitioner had approximately 35 prior convictions and, in addition, the co-defendant cooperated with the prosecution.
The petitioner's record is horrendous, going back to 1976, when he was 18 years of age. His convictions include many larcenies, multiple burglaries, at least one prior robbery, narcotics and violations of probation.
Considering that record, the Court was well within the bounds of its discretion in imposing the maximum sentence. There was no reason to think that probation would be successful and every reason to deem public protection the paramount consideration for the sentence.
Reviewing this sentence pursuant to § 942 of the Practice Book, we conclude it should be affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.